IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHIMEKA RANDLE                                                                                               PLAINTIFF

v.                                                     Civil No. 4:16-cv-4025

TEXARKANA ARKANSAS
HOUSING AUTHORITY, *et al*                                                                         DEFENDANTS

## ORDER

Chimeka Randle, Plaintiff filed this action on March 23, 2016. ECF No. 1. On April 6, 2016, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 6) was granted and Plaintiff was proceeding IFP during the pendency of this case.

On February 6, 2017, United States District Judge Susan O. Hickey, entered an Order dismissing the Plaintiff's Complaint without prejudice. ECF No. 28. This dismissal was based on the fact that on December 5, 2016, the Court entered a show cause order (ECF No. 27) to Plaintiff for failure to participate in the framing of a discovery plan, specifically for not participating with Defendants in filing a timely joint Rule 26(f) report. That order gave Plaintiff until December 22, 2016, to show cause to the Court why she failed to participate in the framing of a discovery plan. Plaintiff failed to contact the Court or show cause why the action should not be dismissed. Therefore, the Court dismissed Plaintiff's lawsuit without prejudice. ECF No. 28.

Thereafter, Plaintiff filed her Notice of Appeal (ECF No. 29) and Motion for Leave to Appeal IFP. ECF No. 30. The Motion for Leave to proceed IFP on appeal (ECF No. 30) was referred to the undersigned for decision.

Because Plaintiff has been previously granted leave to proceed IFP, Federal Rule of Appellate Procedure 24(a)(3) applies to this Motion. Rule 24(a)(3) provides in part:

(a) Leave to Proceed in Forma Pauperis.

>   (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>>   (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
>>   (B) a statute provides otherwise.

Accordingly, if an appeal is not taken in good faith, IFP status will be denied even if it has been determined that a party is indigent. *See* 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-445 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore can not be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The same considerations that lead the Court to dismiss this case for failure to participate in the framing of a discovery plan, also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to Fed. R.App. P. 24(a)(3)(A), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* (ECF No. 30) is, therefore, **DENIED**. Accordingly, Plaintiff must pay the appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED** this **8th day of March, 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE